UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIONNE R. HIGHTOWER,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 13-cv-01538-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 43 |

Plaintiff filed a First Amended Complaint in this action on September 12, 2013. The United States has filed a Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"). In the Motion, the United States seeks dismissal of Plaintiff's First Amended Complaint ("FAC") under: 1) Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's FAC does not provide "a short and plaint statement of the claim showing that the pleader is entitled to relief;" 2) Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction because the FAC does not allege any federal claim; and 3) the doctrine of federal comity because this action is duplicative of two other actions currently pending in the Central District of California.

    The Court dismisses Plaintiff's FAC because the allegations contained in it are virtually identical to the ones she has asserted in the Central District of California, where there is currently pending a motion to dismiss.[1] Indeed, in this action Plaintiff appears to have submitted the same pleadings she submitted in the Central District, or at least, excerpts of them: her FAC carries a

---

[1] The Court takes judicial notice of the Amended Complaint filed on January 8, 2013 in *Hightower v. Director, et al.*, Central District of California Case No. C-13-00045 MMM, as well as the complaint filed in Central District of California Case No. C-13-04099 RGK.

caption for the Central District of California; she alleges that venue is proper in the Central District of California; and much of the FAC in this action is taken verbatim from her complaints in the actions in the Central District. Under the "first to file" rule, "[w]hen cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). Because Plaintiff filed her complaint in the Central District before filing in this Court, the Court dismisses Plaintiff's complaint without prejudice pursuant to the first-to-file rule.

The Motion is **GRANTED.** The motion hearing set for **November 8, 2013 is vacated**. The Clerk is directed to close the file in this action.

**IT IS SO ORDERED.**

Dated: October 22, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge